The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Robert JANSEN, Richard Kosse, and
Aisse Kosse, Defendants-Appellees.

No. 85SA103.

Supreme Court of Colorado,
En Banc.

Jan. 31, 1986.

Nolan L. Brown, Dist. Atty., Dennis Hall, Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, State Public Defender, Terri Harrington, Deputy State Public Defender, Golden, for defendant-appellee Robert Jansen.

William Blair Sylvester and Associates, P.C., Maria F. Scott, Frederick P. Bibik, Wheat Ridge, for defendant-appellee Richard Kosse.

C.J. Berardini, P.C., C.J. Berardini, Denver, for defendant-appellee Aisse Kosse.

NEIGHBORS, Justice.

Under C.A.R. 4.1, the People appeal the district court's order suppressing certain items of physical evidence seized pursuant to a search warrant issued by a county judge. The People argue that the trial court improperly shifted the burden of proof on the suppression issue from the defendants to the prosecution and that the motions filed by two of the defendants were facially insufficient. We reject the People's contentions and affirm the trial court's ruling.

## I.

Before summarizing the facts pertinent to this appeal, we will trace the course of the proceedings which preceded the suppression hearing. This discussion is necessary in order to place the contentions of the parties in focus.

The defendants were each charged in a two-count felony complaint filed in the Jefferson County Court with possession of a schedule II controlled substance (methamphetamine)[1] and manufacturing a schedule II controlled substance (methamphetamine).[2] After the cases were bound over to the district court for trial, motions to suppress evidence were filed. The defendant Jansen filed a "Motion to Suppress Search of Home." In his motion, Jansen alleged that he was aggrieved by an unlawful search and seizure and sought to have all evidence suppressed on the ground that the property was seized without a warrant in violation of "§ 16–3–101 et seq.," 8 C.R.S. (1973 & 1985 Supp.); Crim.P. 41; Colo. Const. art. II, § 7; and U.S. Const. amends. IV, XIV. Jansen also filed a "Motion to Suppress Evidence and Statements," on the basis that any statements made by him to police officers were involuntary and obtained in violation of his constitutional rights.

Defendant Richard Kosse also filed a "Motion to Suppress" in which he sought suppression of statements and physical evidence generally, on the grounds that the evidence obtained by the Jefferson County Sheriff's Officers was the product of an illegal arrest and an illegal search and seizure. Counsel for defendant Aisse Kosse filed no suppression motions on her behalf.[3]

The motions to suppress evidence were set for hearing on March 4, 1985. At the time of the hearing, however, Aisse Kosse

---

1. § 18–18–105(2)(a), 8 C.R.S. (1985 Supp.), and § 12–22–310, 5 C.R.S. (1985).

2. § 18–18–105, 8 C.R.S. (1985 Supp.), and § 12–22–310, 5 C.R.S. (1985).

3. At a later proceeding in the case, the trial judge ruled that his order of suppression applied to all defendants.

did not appear because she was in the hospital. Her husband, co-defendant Richard Kosse, informed the trial judge that his wife had made arrangements for counsel to represent her and that she would be discharged from the hospital the following day. The court then ordered a forfeiture of Mrs. Kosse's bond and the issuance of a bench warrant for her arrest. However, the court stayed execution of its orders for three weeks.

Before the court heard evidence on the suppression motion, counsel for defendant Jansen made an oral motion to dismiss the charges against her client, or that the suppression motions be granted, or that the hearing be continued, on the ground that she had just received a copy of the affidavit submitted in support of the request for a warrant to search the defendants' residence. The motion was also premised on the district attorney's alleged failure to provide defense counsel with a copy of a report from the Colorado Bureau of Investigation which contained the results of analytical tests conducted on the items seized. The court denied the motion and the hearing was held.

## II.

The following factual statements are alleged in the affidavit of Michael Riese, a Jefferson County Deputy Sheriff. On the evening of September 5, 1984, two Jefferson County Deputy Sheriffs, Nauser and Parker, were sent to a residence near Evergreen, Colorado, to assist in a "stand-by to prevent capacity" in a landlord-tenant dispute. Upon arriving at the property, the landlord told the officers that he wished to inspect the property because the tenants had been served with an eviction notice and he was fearful that further damages to the premises might occur.

As Nauser and Parker walked up to the front door of the residence, they observed movement through an open window in a room next to the front door. Nauser saw defendants Aisse and Richard Kosse standing in a bedroom. When the two defend-

ants in turn observed Nauser, one of them dropped a syringe onto a nearby table on which was a small bowl containing a clear liquid. As he approached the front door, Nauser smelled an extremely pungent, ether-like odor coming from the bedroom. Richard Kosse then placed a blanket over the window, blocking the view of the two officers.

Defendant Jansen opened the door to the residence as Kosse was pulling the blanket over the window. According to Riese's affidavit, Nauser and Parker entered the house without first obtaining Jansen's consent because they feared for their personal safety and believed that a crime was being committed in their presence. Nauser immediately proceeded to the bedroom he had seen through the window and ordered Richard and Aisse Kosse into the adjacent living room. While in the bedroom, Nauser observed an alcoholic beverage bottle containing a yellow liquid sitting in a bucket of ice and two hypodermic needles. He also noted that the odor of ether was even stronger than it had been from outside.

In the meantime, the other individuals who were at the residence were assembled in the living room by Parker. When Nauser returned to the living room, he advised everyone present in the home, including the defendants, that they were being detained pending further investigation. The officers then summoned Deputy Estep to the scene.

More of the facts surrounding the searches of the defendants' home were developed at the suppression hearing. Estep, a patrol shift sergeant with the Jefferson County Sheriff's Department, testified that Nauser requested his assistance at the Evergreen residence because he was uncertain of the significance of the items he had observed. Upon his arrival at the home, Estep conducted a visual search of the bedroom and observed some glassware, bottles with fluids in them, litmus paper, and a syringe. Next, he advised all the persons being detained of their *Miranda* [4]

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

rights in a group advisement. Estep then took defendant Richard Kosse outside and, after readvising him of his *Miranda* rights, questioned him about the items seen in the house.

Kosse told Estep that he was a student at Metropolitan State College and that he was conducting a chemistry experiment. He stated that the chemicals included ether and alcohol, and that all of the chemicals being utilized in the experiment could be purchased at any store. Kosse refused, however, to disclose the purpose of the chemistry experiment. Estep then informed Kosse of his previous law enforcement history, particularly his experience concerning narcotics, in the hope of eliciting more information from Kosse. However, even though Estep asked specific questions about the manufacture of PCP and methamphetamine, Kosse denied that he was formulating either of those drugs.

Deputy Riese also testified at the suppression hearing. He was called to the scene by Estep because of his special expertise in the field of narcotics investigation, gained while on assignment to the Federal Drug Enforcement Administration Task Force. Riese testified that upon arriving at the residence in Evergreen he first spoke with officers Nauser and Estep. He then passed through the living room, where the eight persons were being detained, and into the Kosses' bedroom. There he observed essentially the same items previously noticed by Nauser and Estep. Riese also detected a strong odor which, like the materials he observed, he associated with the unlawful manufacture of methamphetamine.

Riese asked defendant Jansen to consent to a search of the premises. Jansen refused. Riese then questioned the persons being detained in an effort to gather more information about the suspected illegal manufacture of methamphetamine. In Riese's conversation with Jansen, who had once again been advised of his *Miranda* rights, Jansen stated that the reason for the ether smell was that they were cleaning carburetors in the house. Thereafter, the defendants and one other person, Dawn M. Dabling, were placed under arrest and taken into custody.[5] The other persons at the home were released.

Based upon his own observations and the information obtained from his fellow officers, Riese prepared an affidavit and, on the following morning, obtained a search warrant for the Evergreen residence. The warrant was executed later that day. Numerous items were seized, including chemicals, glassware, and other equipment, all of which were later found by the trial court to have been in plain view at the time of the initial warrantless entry and search.

To summarize, the evidence presented at the suppression hearing consisted only of the testimony of Deputies Estep and Riese, and the search warrant together with its supporting affidavit. The People presented no testimonial evidence pertaining to the initial entry and search of the home even though Nauser was present and the trial court twice invited the prosecutor to reopen the evidence.[6] At the conclusion of the hearing, the trial court denied the defendants' motions to suppress oral statements, granted defendant Jansen's motion for separate trials, and requested briefs from counsel on the remaining issues. After considering the briefs, the district court ordered the evidence suppressed. The court's ruling was based on the fact that the evidence seized pursuant to the warrant was first observed during a warrantless entry into the home, which entry was neither the result of consent nor justified by exigent circumstances.

5. Ms. Dabling also resided at the home in Evergreen. On March 25, 1985, she entered a plea of guilty to possession of a schedule II controlled substance and was granted a two-year deferred judgment and sentence. The charge of manufacturing a schedule II controlled substance was dismissed.

6. However critical Nauser's testimony was to the resolution of the defendants' challenges to his entry into the defendants' residence, we find no error in the trial court's deference to the People's decision not to elicit testimony from the officer.

## III.

Before presentation of the evidence began, counsel for Jansen responded to the court's inquiry as to the "issue involved today" by saying, "[w]hether there was probable cause to make an initial search, your Honor, whether there was probable cause to arrest. There was a search." During the cross-examination of Deputy Riese by Jansen's counsel, the prosecutor interposed a relevancy objection to a line of questioning delving into facts not included in the affidavit for search warrant. Jansen's counsel responded, "[t]here was a search prior to the search warrant, and I am going to be asking the Court to suppress items because they were searched prior to a search warrant, and that is where I'm going." These exchanges were adequate to apprise the prosecutor and the court that the defendants were challenging the constitutional sufficiency of the warrantless first entry into the house, and the search conducted during that entry. We, therefore, turn to a consideration of the trial court's ruling that the initial entry and search did not comply with constitutional requirements.

A warrantless search is presumed to violate the constitutional provisions forbidding unreasonable searches and seizures.[7] E.g., Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); People v. Turner, 660 P.2d 1284 (Colo.1983); People v. Lorio, 190 Colo. 373, 546 P.2d 1254 (1976). Thus, such searches are per se unreasonable, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); People v. Thiret, 685 P.2d 193 (Colo.1984), especially where there is a warrantless intrusion into a home. People v. Bustam, 641 P.2d 968 (Colo. 1982). At a suppression hearing the defendant, as the moving party, has the burden of going forward with evidence that an arrest, search, or seizure does not conform to constitutional requirements. A stipulation or other evidence that the police officers did not have a warrant authorizing their actions satisfies that burden. See

People v. Valdez, 173 Colo. 410, 480 P.2d 574 (1971). Once that threshold requirement is met, the burden of going forward then shifts to the prosecution. The burden of proof, however, always remains with the People to establish that warrantless conduct on the part of the officers falls within one of the narrowly defined exceptions to the warrant requirement. Turner, 660 P.2d at 1287; People v. Williams, 200 Colo. 187, 613 P.2d 879 (1980).

The only exception to the warrant requirement urged by the People in this case is exigent circumstances. That exception renders a warrantless search reasonable if the intrusion is justified by exigent circumstances necessitating immediate police action. E.g., Michigan v. Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); Turner, 660 P.2d at 1287. The doctrine of exigent circumstances is narrowly circumscribed, People v. Gomez, 632 P.2d 586 (Colo.1981), cert. denied, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982), and justifies dispensing with the warrant requirement only where the prosecution has established both probable cause to search and exigent circumstances justifying the unauthorized entry. Turner, 660 P.2d at 1287. The existence of probable cause and exigent circumstances must be determined by evaluating the facts available at the time of the warrantless entry and search. See, e.g., United States v. Neet, 504 F.Supp. 1220 (D.Colo.1981); State v. Valenzuela, 121 Ariz. 274, 589 P.2d 1306 (1979).

Where a police officer's initial observations are constitutionally permissible, the prosecution nevertheless bears the burden of establishing that the warrantless entry was necessary to prevent the immediate destruction of evidence or otherwise was justified under the exigent circumstances doctrine. Turner, 660 P.2d at 1287; People v. Donald, 637 P.2d 392 (Colo.1981). In the absence of evidence substantiating the officer's fear of danger or destruction of evidence, a warrantless

7. U.S. Const. amend. IV; Colo. Const. art. II, § 7.

search of the premises is illegal. *People v. Barndt*, 199 Colo. 51, 604 P.2d 1173 (1980). If doubt exists as to whether the officer reasonably concluded that the search was justified, such doubt must be resolved in favor of the defendant whose property was searched. *Robinson v. State*, 388 So.2d 286 (Fla.App.1980).

Although Riese testified that Nauser initially entered the house because of concern over his personal safety, Riese had no knowledge of that fact since he was not present when the initial entry was made. The only other information concerning the existence of an emergency was contained in the affidavit which Riese submitted in support of his request for a search warrant.

The purpose for which the affidavit was offered into evidence by the district attorney was not precisely articulated at the suppression hearing. However, the record strongly suggests it was offered only to rebut the defendants' argument that the search warrant was not based on probable cause. In their reply brief filed in this court, the People take exactly that position. The court admitted the affidavit into evidence over defense objections that were based on the grounds of hearsay and lack of foundation. Given this state of the record, it was the district court's prerogative to determine, as it did, that the prosecution had failed to carry its burden of proving that the initial entry into the home was made under a bona fide claim of emergency.

■ We now turn to a discussion of the search of the defendants' residence and seizure of the evidence pursuant to the search warrant. The factual allegations in the affidavit supporting the search warrant were based largely on the observations made by the officers when they were unlawfully on the premises following their initial entry. Because the People offered no evidence on the issue, they failed to meet their burden of establishing by clear and convincing evidence that the second search was conducted pursuant to a warrant based on information obtained before the illegal entry and search. *E.g., People v. Turner*, 660 P.2d 1284 (Colo.1983); *People v. Hogan*, 649 P.2d 326 (Colo.1982). Nor have the People argued that when the tainted allegations contained in the affidavit are excluded from consideration the remaining facts establish probable cause. Thus, the sufficiency of the affidavit to establish probable cause has not been raised by the district attorney, briefed by the parties, or considered by the trial court. In these circumstances, it is inappropriate for us to address the question. *See Meader v. People*, 178 Colo. 383, 389, 497 P.2d 1010, 1014 (1972) ("It is not our function to direct district attorneys in prosecution techniques.").

## IV.

■ Finally, the People contend that the defendants' motions to suppress are facially insufficient because the motions failed to inform the prosecution and the court of the facts and legal theories upon which the defendants' claims are based. This issue was not raised in the district court and, therefore, will not be considered by this court on appeal.[8] *E.g., Whittington v. Bray*, 200 Colo. 92, 613 P.2d 633 (1980).

The judgment of the district court is affirmed.

ERICKSON, J., dissents.

---

8. Although we do not address the sufficiency of the defendants' motions to suppress, we note in passing that such motions should state with reasonable specificity the legal grounds upon which the motions are based. This is necessary both to put the prosecution on notice of the contentions it must be prepared to meet at a suppression hearing and to inform the court of the issues to be decided. *State v. Desjardins*, 401 A.2d 165 (Me.1979); *State v. Johnson*, 16 Or.App. 560, 519 P.2d 1053 (1974); 3 W. LaFave, *Search and Seizure* § 11.2(a) (1978). *See also People v. Dailey*, 639 P.2d 1068 (Colo.1982) (in context of challenges to veracity of warrant affidavit, fairness to prosecution requires that motion to suppress specify which statements in affidavit will be challenged).

ERICKSON, Justice, dissenting:

I respectfully dissent. This is but another narcotics case where the only issue is the constitutional validity of police actions leading to the defendants' arrest. Here, neither the prosecutor nor defense lawyers adequately assisted the trial judge at the suppression hearing. The trial judge was left with the burden of reaching the proper result based upon skeletal motions and less than a full presentation of the facts necessary to determine the suppression issues. In my view, the defendants' motions to suppress contained insufficient factual and legal allegations to provide the prosecution and the trial court with fair notice of the defendants' contentions. I would therefore remand the case to the trial court with directions to deny the motions to suppress.

Defendant Jansen's "Motion to Suppress Search of Home" contained only the following conclusory statements:

Defendant, being a person aggrieved by an unlawful search and seizure, moves to suppress for use as evidence all items obtained by said search and seizure and all other evidence obtained as a result thereof on the ground that the property was illegally seized without a search warrant and otherwise in violation of C.R.S. § 16–3–101 et seq., Rule 41 of Colorado Rules of Criminal Procedure, Article II, Section 7 of the Colorado Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.

Defendant Richard Kosse moved to suppress "any and all physical evidence" on the ground that it was "the product of an illegal search and seizure." We have not previously addressed in detail the sufficiency of a motion to suppress. *See People v. Dailey*, 639 P.2d 1068 (Colo.1982) (in context of veracity challenge to warrant affidavit, motion to suppress must specify which statements in the affidavit will be challenged). However, "shotgun" conclusory motions such as those filed by the defendants are disfavored. Courts outside of Colorado have required that a motion to suppress be sufficiently specific to provide adequate notice of the defendant's contentions to the prosecution and the trial court. *See, e.g., State v. Desjardins*, 401 A.2d 165, 169 (Me.1979) ("suppression movant must articulate in his motion with sufficient particularity the specific reason on which he bases his claim ... so that the court will recognize the issue to be decided"); *State v. Johnson*, 16 Or.App. 560, 519 P.2d 1053, 1057 (1974) ("motion to suppress should be as reasonably specific as possible under the circumstances in order to give the state as much notice as possible of the contentions it must be prepared to meet at a suppression hearing").

Neither of the motions to suppress alleged that the police officers illegally entered the house in Evergreen. Nor did the motions allege any connection between the officers' initial observations and the evidence seized pursuant to the warrant. No testimony was presented on either issue. Indeed, the defendants did not present any testimony at the suppression hearing. It is therefore understandable that the focus of concern at the suppression hearing was the validity of the search warrant. Having established that the warrant was facially valid and properly executed, the prosecution rested. Defense counsel then raised the subject of the initial entry for the first time:

Defense counsel: The Court has not heard evidence here today what the probable cause was to enter that house without a warrant....

The court: That is not the issue before me at this time. The issue before me is the search warrant....

Clearly, both the prosecution and the trial court were not informed by the motions to suppress that the defendant sought to challenge the search on the basis of the officers' initial entry into the home.

In my view, the prosecution satisfied its burden of showing probable cause to search the home by proof of a facially valid warrant. *People v. Gouker*, 665 P.2d 113 (Colo.1983). It was then incumbent upon the defendants to establish that the search was in some manner unlawful. The de-

fendants failed to do so, and I would, accordingly, remand the case to the trial court with directions to deny the motions to suppress.