The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Gregory L. CRAWFORD,
Defendant–Appellee.

No. 94SA287.

Supreme Court of Colorado,
En Banc.

March 6, 1995.

A. William Ritter, Jr., Dist. Atty., Second Judicial Dist., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Everett Engstrom, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David Vela, State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

The prosecution brings this interlocutory appeal from a Denver District Court order suppressing evidence seized after a warrantless entry of the defendant's home and business.

Gregory L. Crawford, the defendant, was charged by an information on December 14, 1993, with one count of sexual assault in the first degree [1] and one count of menacing.[2] The defendant was bound over to the district court on January 18, 1994.

Crawford pled not guilty to the charges on February 7, 1994. On February 15, 1994, Crawford moved to suppress all evidence seized and all statements obtained. On July 27, 1994, the court issued an order denying Crawford's motion but then reversed itself and granted the motion to suppress the evidence and granted in part Crawford's motion to suppress certain statements. The prosecution then filed an interlocutory appeal to this court challenging the suppression of evidence obtained from Crawford's home. The prosecution contends that exigent circumstances justified the warrantless entry. We agree and hold that the trial court erred in suppressing the evidence arising from the warrantless entry.

## I.

On early Sunday morning, December 12, 1993, the alleged victim met Crawford at a bar and went with him to a place she described as a "garage office," which he allegedly told her was his place of business.[3] She testified that Crawford climbed an extension ladder and entered the building through a second-floor window. He then came down to the first floor and opened the door to let her in the building. She testified that, once inside, Crawford threatened her with a razor blade and handgun and forced her to per-

form oral sex and engage in sexual intercourse. She awakened at approximately 7:00 a.m. and left the building, leaving the doors to the building open. Crawford was still asleep at the time. Shortly thereafter, the victim called the police and reported the offense from a telephone in a parking lot.

Officer Timothy Weaver of the Denver Police Department responded to a call of a reported sexual assault at approximately 7:45 a.m. He located the victim in a parking lot, where she was dressed in "sweats" and appeared "distraught but calm." Officer Weaver called for assistance, and three additional officers came to the scene. The victim then led Officer Weaver to the building where the assault occurred. The ladder to the second floor was still in place and the first floor doors remained open. At approximately 8:15 a.m., the officers entered through the open doors, went up a flight of stairs, and found the defendant in bed. The police placed Crawford in custody and advised him of his rights. The police also informed Crawford that he was being arrested for sexual assault. One of the officers noticed a pair of women's shoes and underwear next to the bed and seized the items. Crawford was taken to police headquarters. The police obtained a search warrant at 12:15 p.m. and executed the warrant shortly afterward. The search recovered a small handgun and razor blades from the bed and the bed sheets and pillowcases. All of the evidence obtained was suppressed by the trial court because of the initial warrantless entry.

The prosecution appeals the suppression of the evidence. It argues that the police had probable cause to enter and that exigent circumstances justified their warrantless entry. Alternatively, it asserts that the independent source rule allows admission of the evidence even if the warrantless entry was unconstitutional. Because we agree with the first contention, we do not reach the alternative argument.

---

1. § 18–3–402(1)(b), 8B C.R.S. (1986).

2. § 18–3–206, 8B C.R.S. (1986).

3. Crawford stated in his motion to suppress that the office was also his residence. This fact has not been disputed by the prosecution.

## II.

The prosecution argues that the warrantless entry of the police did not violate Crawford's constitutional rights because it was justified by exigent circumstances. We agree that the warrantless entry was permissible because: (1) probable cause existed to believe a crime had been committed; (2) exigent circumstances justified an immediate warrantless entry by the police; and (3) the police conduct within the building was reasonable.

■ Probable cause is a flexible standard which is to be measured by a common sense, nontechnical standard of reasonable cause to believe. *People v. Edwards*, 836 P.2d 468, 472 (Colo.1992). In the case of a search, probable cause means reasonable grounds to believe that contraband or evidence of criminal activity is located in the area to be searched. *People v. Melgosa*, 753 P.2d 221, 225 (Colo.1988).

The existence of probable cause is not at issue here. Probable cause was conceded by defense counsel at trial and was found by the trial court. Furthermore, the finding of probable cause has not been challenged on appeal.

■ We agree that sufficient evidence in the record supports a finding that probable cause existed. The victim had physically described her assailant, identified him by first name (Greg), and had described the precise location where the alleged offense occurred. The location and its unusual features were confirmed by police officers who were led to the scene by the victim.

■ Given the existence of probable cause, we next consider the second issue and conclude that exigent circumstances justified the warrantless entry. When the police seek to enter a home without a warrant, the government bears the burden of proving that sufficient exigency existed to justify the warrantless entry and search. *People v. Jansen*, 713 P.2d 907, 911 (Colo.1986). We have recognized three general categories of exigent circumstances. Exigent circumstances may exist when (1) the police are engaged in a bona fide pursuit of a fleeing suspect, (2) there is a risk of immediate destruction of evidence, or (3) there is a colorable claim of emergency threatening the life or safety of another. *Id.*[4]

■ Under the "destruction of evidence" exception, the police must have a reasonable suspicion that relevant evidence is in imminent danger of being destroyed. *Jansen*, 713 P.2d at 911–12. In such cases, the possibility of obtaining a warrant must not be viable because of the ability and likelihood that the defendant would destroy or remove important evidence before the warrant could issue. *People v. Turner*, 660 P.2d 1284, 1287 (Colo. 1983); *People v. Bustam*, 641 P.2d 968 (Colo. 1982); see Barbara Salken, Balancing Exigency and Privacy in Warrantless Searches to Prevent Destruction of Evidence: The Need for a Rule, 39 Hastings L.J. 283, 326 (1988).

In *Jansen*, we held that:

> The existence of probable cause and exigent circumstances must be determined by evaluating the facts available at the time of the warrantless entry and search....
>
> Where a police officer's initial observations are constitutionally permissible, the prosecution nevertheless bears the burden of establishing that the warrantless entry was necessary to prevent the immediate destruction or otherwise was justified under the exigent circumstances doctrine.... In the absence of evidence substantiating the officer's fear of danger or destruction of evidence, a warrantless search of the premises is illegal ... If doubt exists as to whether the officer reasonably concluded that the search was justified, such doubt must be resolved in favor of the defendant whose property was searched.

*Jansen*, 713 P.2d at 911–12 (citations omitted).

■ In *Turner*, we held that the prosecution must demonstrate an articulable basis to justify a reasonable belief that evidence is

---

4. The trial court considered both the "fleeing suspect" and "destruction of evidence" exceptions. Because we hold that the evidence is admissible under the "destruction of evidence" exception, we do not address the "fleeing suspect" exception.

about to be removed or destroyed. *Turner,* 660 P.2d at 1284. In so doing, we recognized that:

the perceived danger [of destruction of evidence] must be real and immediate.... The question is whether there is a real or substantial likelihood that the ... known evidence on the premises might be removed or destroyed before a warrant could be obtained. The mere fact that the evidence is of a type that is easily destroyed, does not, in and of itself, constitute an exigent circumstance.

Id. at 1288.

Finally, in *Bustam,* we held that factors relevant to finding exigency include:

(1) the degree of urgency and the time required to obtain a warrant; (2) reasonable belief that evidence or contraband would be removed or destroyed, (3) the information that those in possession of the evidence or contraband are aware that the police are closing in, and (4) the ease of destroying the evidence or contraband and the awareness that narcotics dealers often try to dispose of narcotics and escape under the circumstances.

*Bustam,* 641 P.2d at 973; see also *United States v. Rubin,* 474 F.2d 262 (3d Cir.1973).

The trial court found that the police had no reasonable expectation that the evidence would be removed or destroyed before a warrant could be obtained. It stated:

[W]e know that the victim in this case told the police how all this happened and that there had been a gun and a razor present and used to help threaten her to cause her to submit. And the question is whether this could be the kind of evidence that could be destroyed if Mr. Crawford woke up and began to think: Gee, she's gone; she's probably going to go get the police. I had better try to go destroy the evidence.

Of course, you could leave and take the evidence outside, but you could hardly put a gun down the toilet. You can't burn it. It's not like drugs or papers and things that could be burned, so in any event, and sheets, I don't think he would have been sophisticated enough to think: ·Gee, I'd better take these sheets and burn them

because the police will come and collect them.

So, the Court would find that there was not a risk of immediate destruction of evidence in the Court's view and puts this under the category of an exigent circumstance.

■ In making its ruling, the trial court applied an improper legal test because it focused on the defendant's subjective state of mind. As the ruling quoted above indicates, the trial court found that because Crawford lacked the sophistication to destroy the evidence in anticipation of a police response, there was no risk that the evidence would be destroyed before a warrant was obtained. The correct test, however, is an objective test based on what the police reasonably could have expected a perpetrator in the defendant's position to do. Whether this particular defendant was sophisticated or unsophisticated in recognizing and disposing of evidence is irrelevant because police cannot be expected to know an individual defendant's proclivities and to adapt their investigative techniques to those characteristics. Officers can act only on reasonable belief.

Contrary to the holding of the trial court, much of the relevant evidence could have been destroyed, and all of it easily could have been removed from the building before a warrant was obtained. The razor blades which were allegedly used to threaten the victim and the victim's underwear could have been flushed down the toilet, thrown away or hidden. The bedsheets could have been washed.

■ The trial court emphasized the fact that a handgun could not be readily destroyed. It is not necessary, however, that every item of evidence be easily destroyed. It is reasonable for the police to assume that, if a sexual assault occurred and the perpetrator awakened to find the victim had fled in such haste that she left her shoes behind and the outside doors wide open, he would fear a prompt police response and would attempt to destroy or to remove any relevant evidence. The reasonableness of the police expectation that evidence would be removed or destroyed is also supported by facts which led the police to believe that the assailant had en-

tered the premises illegally. The defendant entered what appeared to be a commercial building by climbing a ladder to a second-floor window. This suspected criminal conduct would make it unlikely that the defendant would remain on the premises and would provide an added incentive to the defendant to remove evidence from the property and/or destroy it.

■ While the record here does not indicate the usual time which could be expected to elapse for obtaining a search warrant on a Sunday morning in the city and county of Denver, it took approximately four hours for the police to obtain this warrant. Thus, there would have been ample time for the defendant to destroy, remove or conceal the evidence. Under the facts, we conclude that the police officers properly entered the building to secure the crime scene to prevent destruction or removal of any evidence.

■ Once probable cause and exigency are established, the police response must be reasonable under the Fourth Amendment. As the First Circuit Court of Appeals held in *United States v. Palumbo*, 742 F.2d 656, 659 (1st Cir.1984), cert. denied, 469 U.S. 1114, 105 S.Ct. 799, 83 L.Ed.2d 792 (1985):

> When ... an exigency is found, however, the least restrictive intrusion is to be adopted, or the whole constitutional requirement for obtaining a warrant would be defeated. When it is known that no one is presently on the premises, it may be secured merely by guarding the entrances. When persons are present and such persons may reasonably be feared to pose a substantial threat to destroy evidence, more intrusive action may be proper. Even then, the police might be well advised to give the occupants a choice of exiting the premises. This might be ac-

companied by a very quick and limited pass through the premises to check for third persons who may destroy evidence.

If an object is in plain view and the officer has sufficient knowledge to establish a nexus between the article and criminal behavior, the police may lawfully seize the article without being overly intrusive. *People v. Franklin*, 640 P.2d 226, 230 (Colo.1982). Here, the officers reasonably entered and secured the location to avoid destruction or removal of evidence. Only items which were in plain view and which seemed to bear a nexus to the crime were seized. No further search was conducted until the warrant was obtained.

■ The underwear and shoes discovered during the initial warrantless entry, then, were not obtained as the result of an illegal search. They were in plain view and were obtained incident to a valid warrantless entry. The circumstances surrounding the warrantless entry were exigent, and the actions by the police were reasonable. For these reasons, information regarding the underwear and shoes was properly included in the application for a search warrant and could be considered in determining whether there was probable cause to issue the search warrant. Thus, all of the evidence is admissible at trial.

We reverse the holding of the trial court and remand with instructions to admit the evidence seized from the scene of the crime.