**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Joseph MAREZ, Defendant–Appellant.**

**No. 93CA0382.**

Colorado Court of Appeals, Div. III.

June 29, 1995.

Rehearing Denied Sept. 7, 1995.

Certiorari Denied May 20, 1996.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Nancy A. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Joseph Marez, appeals the judgment of conviction entered upon jury verdicts finding him guilty of four counts of second degree assault and one count of reckless endangerment. We reverse and remand for a new trial with directions.

According to the prosecution's evidence, the following events led to the charges against defendant. On August 11, 1991, defendant, his brother, and several friends attended a party at an apartment complex in Denver. An argument involving defendant's brother occurred and ultimately developed into a physical fight outside the apartment. Defendant yelled for his brother to "get the guns," and defendant began firing into a crowd of people that had gathered, wounding one man.

Police officers arrived at the scene five to ten minutes after the shooting. They interviewed several witnesses who identified defendant as the shooter. After completing their investigation at the scene, more than three hours later, the police officers, with two

witnesses, but without either a search or arrest warrant, drove to defendant's residence, a motel near the apartment complex.

Defendant's father answered the door and told the officers that his two sons were asleep inside, but he was not asked to and did not consent to their entering. Nevertheless, the officers entered the motel room, arrested defendant and his brother, and seized a gun that they found in the bedroom. The suspects were then taken outside, and the witnesses identified defendant as the person who had fired shots at them.

Defendant filed several motions to suppress physical evidence, statements, and identifications allegedly obtained as a result of his warrantless arrest. On April 10, 1992, the trial court conducted hearings on, and denied, the motions.

After a jury trial held December 8–16, 1992, defendant was acquitted of five counts of attempted first degree murder and of one count of second degree assault, but was found guilty of four counts of second degree assault and one count of reckless endangerment. This appeal followed.

## I.

Defendant asserts that the trial court erred in denying his motion to suppress evidence obtained as a result of his warrantless arrest. Although he concedes that there was probable cause for his arrest, he contends that its warrantless nature was not justified by exigent circumstances and was, thus, unlawful. We agree and, thus, conclude that admission into evidence of a gun obtained as a result of that arrest requires reversal.

A trial court's ruling on a motion to suppress evidence will not be disturbed on appeal if it is based on a proper application of the law to factual findings which the record adequately supports. *People v. Hart*, 787 P.2d 186 (Colo.App.1989).

Here, police officers arrested defendant in his motel room without either a search or arrest warrant. Thus, since it is undisputed that the police entry into the motel room was not consensual, the arrest can be justified only if exigent circumstances existed for the warrantless entry. *See McCall v. People*, 623 P.2d 397 (Colo.1981).

The existence of exigent circumstances must be determined by evaluating the facts available at the time of the warrantless entry. Exigent circumstances may exist in three circumstances: when police officers are engaged in the bona fide pursuit of a fleeing suspect; when there is a risk of the immediate destruction of evidence; and when there is a colorable claim of an emergency threatening the life or safety of another. *People v. Crawford*, 891 P.2d 255 (Colo.1995).

The People admit that the police were not in hot pursuit of defendant when they arrested him, arguing, instead, that the other two conditions existed, creating exigent circumstances justifying the warrantless arrest.

### A.

The emergency variant of the exigent circumstances exception requires showing the existence of a threat or crisis so immediate as to require action prior to the issuance of a warrant. *See People v. Higbee*, 802 P.2d 1085 (Colo.1990). In determining whether the emergency exception has been satisfied, the court must examine the totality of the circumstances, including any delay likely to be occasioned by obtaining a warrant, the character of the investigation, the potential risk posed to others from unnecessary delay, and must evaluate those circumstances as they would have appeared to a prudent and trained police officer at the time of the challenged entry. *People v. Malczewski*, 744 P.2d 62 (Colo.1987).

Here, the trial court found that, because defendant had allegedly fired random shots into a crowd and had been seen carrying a gun as he fled the scene, more shooting was possible. This possibility, the trial court reasoned, created an emergency threat to the life or safety of others.

However, there was no evidence that defendant presented a real and immediate danger to others after he left the scene of the original fracas. *See People v. Santisteven*, 693 P.2d 1008 (Colo.App.1984) (where a stabbing victim was the defendant's friend, the injury occurred at a party where many mutu-

al friends and relatives were present, and there was no evidence that the defendant knew he was being pursued or made threats to harm anyone else, there was insufficient evidence upon which any danger to others could be predicated).

Additionally, although the court found that there would have been time to get a warrant, the officers did not attempt to obtain one and, in fact, waited more than three hours before attempting to locate and detain defendant, during which time there were no reports that he had committed further violent acts or threatened to do so.

Therefore, because the circumstances immediately prior to defendant's arrest did not demonstrate a colorable claim of an imminent crisis or danger to the public, the trial court erred in finding that an emergency situation existed.

### B.

■ The threat of destruction of evidence constitutes an exigent circumstance if the prosecution can demonstrate that the police had an articulable basis upon which to justify a reasonable belief that evidence was about to be removed or destroyed. *People v. Miller*, 773 P.2d 1053 (Colo.1989). This perceived danger must be real and immediate. The mere fact that evidence is of a type that can be easily destroyed does not, in itself, constitute an exigent circumstance. *People v. Crawford, supra.*

Here, there was no indication that defendant had threatened to destroy evidence or had taken any action to do so. To the contrary, defendant was asleep when police officers arrived at his residence. Thus, because the trial court's finding was based on speculation that defendant might possibly destroy evidence if police officers encountered any difficulty in obtaining a timely arrest warrant, it erred in determining that this possibility created an exigent circumstance.

### C.

■ When a defendant is subjected to an unconstitutional arrest, any evidence resulting from the exploitation of the initial illegality is suppressible unless the prosecution can

establish an independent source for the evidence. *People v. Madson,* 638 P.2d 18 (Colo. 1981).

■ Here, the gun found in the motel room must be suppressed since there was no indication that it would have been discovered other than as a product of the illegal entry.

As to the immediate "show-up" identification of defendant outside the motel and subsequent photographic line-up identifications conducted at police headquarters, the trial court ruled that the identifying witnesses all had independent bases, because of prior relationships with defendant and contemporaneous observations at the scene of the criminal activity, upon which to identify defendant. The record supports the court's finding that the identifications were based upon information and knowledge independent of the unlawful arrest. Hence, such identification testimony was properly admitted, and, in like circumstances, will remain admissible on retrial. *See People v. Zamora,* 695 P.2d 292 (Colo.1985); *see also People v. Suttles,* 685 P.2d 183 (Colo.1984) (since the defendant's identity was known long before any Fourth Amendment violation and the witness' capacity to identify the defendant was based upon observations made during the incident, the out-of-court and in-court identifications of the defendant were admissible).

### II.

Defendant next contends that the trial court violated his statutory right to a speedy trial by extending the date of his speedy trial deadline. He argues that, because the delay which occurred between October 26 and December 7, 1992, is not attributable to any affirmative action taken by him, the speedy trial provisions of § 18–1–405 require reversal of his conviction and dismissal of all charges. We perceive no such violation and, thus, find no basis for dismissing the charges against defendant.

Section 18–1–405, C.R.S. (1986 Repl.Vol. 8B) is intended to implement the constitutional right to a speedy trial by requiring that a defendant be brought to trial within six months from the date a plea of not guilty

is entered. *People v. Deason,* 670 P.2d 792 (Colo.1983).

If a defendant is not brought to trial within this time and no allowable extension or exclusions are applicable, then the charges against defendant must be dismissed. *People v. Byrne,* 762 P.2d 674 (Colo. 1988).

Here, defendant entered his plea of not guilty on February 10, 1992. He waived his right to a speedy trial on June 3, 1992, extending the speedy trial deadline to December 2, 1992. The trial court initially set the trial to begin on August 24, 1992.

However, at the conclusion of a motions hearing held on August 7, 1992, defense counsel requested a transcript of the motions hearing for use at trial. At that time, defense counsel acknowledged that preparation of the transcript would be difficult in the short time remaining prior to trial. Thereafter, the prosecution requested that the trial be rescheduled to October 26, 1992, to accommodate a prosecution witness' schedule, and defense counsel agreed to that resetting.

On October 23, 1992, during a pretrial status conference, defense counsel told the trial court that she had not received transcripts of the pretrial motions hearings as requested and that she could not proceed to trial without them. Since the transcripts would not be available until late November, she requested that the trial be delayed. After finding that neither the prosecution nor the court had caused the delay in transcription, the trial court, after concluding that the time between October 23 and a new trial date would be excluded from computing the time within which defendant must be brought to trial, rescheduled the trial for December 7, 1992, over defense counsel's protest that this date was beyond the speedy trial deadline of December 2.

On the morning of December 7, at a pretrial hearing, defense counsel renewed her objection to the new trial date. The trial court then clarified its earlier ruling, characterizing the October 23 request as a petition for a continuance, and set a new speedy trial deadline of April 23, 1993.

A defendant's attorney may obtain a continuance of a trial setting subject to the discretion of the trial court. This continuance extends the speedy trial deadline an additional six months from the granting of the continuance. Section 18–1–405(3), C.R.S. (1986 Repl.Vol. 8B); *People v. Anderson,* 649 P.2d 720 (Colo.App.1982).

Additionally, § 18–1–405(6)(f), C.R.S., (1986 Repl.Vol. 8B) provides that, in computing the time within which a defendant must be brought to trial, the period of any delay caused at the instance of the defendant is excluded. This subsection has been interpreted to include any delay agreed to by a defendant or requested by defense counsel for the defendant's benefit. *See People v. Bell,* 669 P.2d 1381 (Colo.1983); *People v. Hamer,* 689 P.2d 1147 (Colo.App.1984).

Here, it is undisputed that defense counsel requested, and agreed to, the final delay in the trial date for defendant's benefit in order to allow completion of pre-trial motions hearing transcripts. The record does not reveal any reason for delay in preparation of the transcripts and does not support defendant's argument, raised for the first time on appeal, that the court reporter willfully failed or refused to prepare them in a timely manner.

Here, we need not decide whether the postponement of trial to December 7 was a continuance, which extended the speedy trial deadline for an additional six months from October 26 under § 18–1–405(3), or was an excludable period of delay under § 18–1–405(6)(f). In either event the speedy trial time was either tolled or extended until at least December 7, 1992, at the request of defense counsel and for the benefit of defendant. *See People v. Chavez,* 650 P.2d 1310 (Colo.App.1982).

### III.

Among issues that may arise on retrial is defendant's contention that the trial court erred in determining that the application of § 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B) does not violate his right to equal protection. We agree in part.

## A.

Defendant first argues that his right to equal protection was violated because the second degree assault statute under which he was convicted of three counts of attempt to cause bodily injury and one count of causing bodily injury by means of a deadly weapon proscribes conduct identical to that forbidden by the general criminal attempt statute, but carries a greater penalty. We disagree.

■ The constitutional guarantee of equal protection requires that a class of crimes be based on differences that are real in fact and reasonably related to the purposes of the legislation. Thus, subjecting a defendant to a more severe sanction for criminal conduct identical to that proscribed by another statute is a violation of equal protection. *People v. Owens*, 670 P.2d 1233 (Colo. 1983).

■ However, if different statutes proscribe dissimilar forms of conduct, and if there is a rational basis for disparate sanctions, such statutes do not offend equal protection guarantees. *People v. Brewer*, 720 P.2d 596 (Colo.App.1985).

■ Here, defendant was convicted of four counts of second degree assault pursuant to § 18–3–203(1)(b), C.R.S. (1986 Repl. Vol. 8B) which provides that:

A person commits the crime of assault in the second degree if with intent to cause bodily injury to another person, he *causes or attempts to cause* such injury to any person by means of a deadly weapon. (emphasis added)

The statute further provides that a trial court must sentence a defendant convicted pursuant to this subsection in accordance with the provisions of § 16–11–309, C.R.S., (1986 Repl.Vol. 8A), which provides mandatory sentences for violent crimes. *See* § 18–3–203(2)(c), C.R.S. (1994 Cum.Supp.). *See also* § 16–11–309, C.R.S. (1994 Cum.Supp.) (a defendant guilty of a crime of violence must be sentenced to a term of incarceration of at least the midpoint in the presumptive range, but not more than twice the maximum term, for that crime).

The general criminal attempt statute, § 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B), does not require sentencing pursuant to § 16–11–309 and provides that:

A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense.

Defendant argues that, because an attempt pursuant to § 18–3–203(1)(b) is identical to an attempt under § 18–2–101(1), subjecting him to the more severe sentencing provisions contained in the former statute violates equal protection.

However, *People v. Weller*, 679 P.2d 1077 (Colo.1984) is dispositive of defendant's argument. There, the court found that the two statutes do not proscribe the same conduct and that § 18–3–203(1)(b) is a statutory exception to attempts charged under § 18–2–101(1). The court further determined that, because the General Assembly may choose to punish attempted assault with a deadly weapon more severely than other kinds of attempts, § 18–3–203(1)(b) does not violate the equal protection clause of the Colorado Constitution. *See People v. Weller, supra.*

## B.

■ Defendant also argues that the application of the mandatory sentencing provisions contained in § 18–3–203(2)(c) to his conviction of three counts of attempted second degree assault violates his right to equal protection because it punishes him more severely than if he were convicted of attempted first degree assault, a crime requiring a more culpable intent. We agree.

Section 18–3–202(1)(a), C.R.S. (1986 Repl. Vol. 8B) provides that a person commits first degree assault if:

With intent to cause serious bodily injury to another person, he causes serious bodily injury to any person by means of a deadly weapon.

That statute, like § 18–3–203(2)(c), also contains provisions for sentencing pursuant to § 16–11–309. *See* § 18–3–202(2)(c), C.R.S. (1986 Repl.Vol. 8B).

However, since a person cannot be convicted for an *attempt* to cause serious bodily injury under § 18–3–202(1)(a), one who intends and unsuccessfully attempts to cause serious bodily injury by means of a deadly weapon must be charged and convicted under the general attempt statute, § 18–2–101(1), and sentenced in accordance with its provisions. The general attempt statute does not require application of § 16–11–309.

The intent to cause serious bodily injury is a more culpable mental state than the intent to cause bodily injury. When a statute permits an offender who acts with a lesser culpable intent to receive a greater penalty than an offender who acts with a greater culpable intent, such a statutory scheme is unreasonably structured and constitutionally infirm, even though the two offenses result in the same harm. *Smith v. People*, 852 P.2d 420 (Colo.1993).

Here, because the sentencing scheme established in § 18–3–203(2)(c) mandates the imposition of a greater punishment for an attempt to cause bodily injury than that required for an attempt to cause serious bodily injury, it does not meet the requirements of equal protection as applied to defendant's sentences on three of the four counts of second degree assault. *People v. Duc Nguyen*, 900 P.2d 37 (Colo.1995).

Because our disposition of this case will require a new trial, we do not address defendant's contentions regarding prosecutorial misconduct during closing argument.

The judgments of conviction are reversed and the cause remanded for a new trial with directions that the trial court prohibit the gun found in defendant's motel room from being admitted into evidence. If defendant's new trial results in guilty verdicts of second degree assault based upon attempts to commit bodily injury, the court must determine his sentence pursuant to § 18–3–203(2)(b), rather than § 18–3–203(2)(c), in accordance with the views we have expressed.

NEY and BRIGGS, JJ., concur.