2013 CO 71

**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Jesse Lee CUNNINGHAM,**
**Defendant–Appellee.**

**Supreme Court Case No. 13SA179**

Supreme Court of Colorado.

December 23, 2013

Attorneys for the Plaintiff–Appellant: Peter A. Weir, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado.

Attorneys for Defendant–Appellee: Springer and Steinberg, P.C., Harvey A. Steinberg, Andrew B. Reid, Denver, Colorado.

JUSTICE HOBBS delivered the Opinion of the Court.

¶ 1 Pursuant to C.A.R. 4.1, the prosecution challenges the trial court's suppression of evidence seized from the defendant's home when the police executed a search warrant.[1] The trial court ruled that Defendant Jesse Lee Cunningham's motion to suppress under Crim. P. 41 required the prosecution to initially go forward with evidence that the seizure was performed pursuant to a facially valid warrant and the warrant was legally executed. Commenting on the warrant, the trial court reasoned that "the description of the items to be seized was unconstitutionally broad so [the trial court] would need to know how it was that this warrant was executed and what was seized pursuant to the warrant."

¶ 2 Ruling that the prosecution failed to initially go forward with evidence that the search had been authorized by a facially valid warrant and the warrant was legally executed, the trial court granted Cunningham's motion to suppress. Rejecting the prosecution's contentions on its motion for reconsideration, the trial court made the following statements about the prosecution's duty of going forward:

It seems to the court that it is the district attorney, who is the ultimate proponent of the physical evidence seized pursuant to the warrant, who bears the burden of going forward at the suppression hearing with the requisite threshold evidence.... Absent testimony establishing that the manner in which the search was conducted did not take advantage of the warrant's facial invalidity, the court would have little choice but to grant defendant's motion on that ground alone.

¶ 3 We disagree. As the moving party seeking suppression of the evidence, the defendant has the burden of alleging and showing that a search or seizure violated the defendant's right to privacy under the Fourth Amendment. We hold that the trial court erred in assigning the initial burden of going forward to the prosecution and reverse the suppression order.

## I.

¶ 4 On February 21, 2012, the Jefferson County Court issued a warrant authorizing the police to search Cunningham's home, based on the affidavit of Detective Shawna Gilbert. The warrant authorized the police to search for the following property:

- "Photographs of the entire inside and outside of the residence";
- "Yellow and black plaid pajama pants worn by Jesse Cunningham";
- "White tank top worn by Jesse Cunningham";
- "A notebook containing [the alleged victim's] written statement";
- "Proof of residency"; and
- "Any other items on scene deemed to be pertinent to the investigation."

¶ 5 That same day, the police executed a search pursuant to the warrant. Detective Gilbert filed a Return and Inventory documenting that the police seized two men's white tank tops, one pair of dark blue and yellow plaid pajama pants, and one blue spiral notebook.

¶ 6 The prosecution charged Cunningham with seven criminal counts.[2] Cunningham filed a pre-trial motion to suppress all the items seized from his home. He alleged the search warrant lacked probable cause and that no reasonable officer would believe that there was sufficient probable cause. He also alleged that "[t]he warrant was executed illegally and the scope of the search exceeded the matters set forth in the warrant."

¶ 7 At a June 2013 hearing, the trial court granted the motion to suppress. It ruled

---

1. The issue the prosecution presents for review: Whether the trial court erred in granting the defendant's motion to suppress all evidence obtained in the execution of the search warrant based on the court's finding that the prosecution had not met its burden of establishing that the warrant was legally executed.

2. The prosecution charged Cunningham with two counts of sexual assault on a child by one in a position of trust, as a pattern of sexual abuse; one count of sexual assault on a child by one in a position of trust, where the victim is less than fifteen years of age; and four habitual criminal counts.

that the prosecution had the burden of initially going forward with evidence that the warrant was facially valid and legally executed. The trial court examined language in the warrant authorizing the police to search for "[a]ny other items on scene deemed to be pertinent to the investigation." The trial court then determined that "the description here of the items to be seized is unconstitutionally broad. So I would need to know how it was that this warrant was executed and what was seized pursuant to the warrant." Although the trial court found that probable cause existed for the search warrant, it ruled that the prosecution had the initial burden of showing that the police did not seize evidence pursuant to the defective portion of the warrant. It granted the suppression motion for failure of the prosecution to go forward with an evidentiary showing.[3]

## II.

¶ 8 We hold that the trial court erred in assigning the initial burden of going forward to the prosecution and reverse the suppression order.

### A. Standard of Review

■ ¶ 9 We review a suppression order with deference to the trial court's findings of historical fact and will not overturn those findings if supported by competent evidence in the record. *People v. Castaneda*, 249 P.3d 1119, 1122 (Colo.2011). We review the trial court's legal determinations de novo. *Id.*

### B. Applicable Law

■ ¶ 10 A motion to suppress under Crim. P. 41(e) is a claim that defendant's Fourth Amendment rights have been violated. *People v. Jansen*, 713 P.2d 907, 911 (Colo.1986); *People v. Jorlantin*, 196 P.3d 258, 259 (Colo.2008) (recognizing that standing for a motion to suppress invokes the movant's Fourth Amendment right to privacy). The motion should state with reasonable specificity the legal grounds upon which the motion is based. *Jansen*, 713 P.2d at 912 n. 8.

■ ¶ 11 In any case, whether warrantless or with a warrant, the defense under Crim. P. 41 bears the burden of going forward with a showing that: (1) the property was illegally seized without a warrant; (2) the warrant is insufficient on its face; (3) the property seized is not that described in the warrant; (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued; or (5) the warrant was illegally executed. Crim. P. 41(e)(1)–(5); *Jansen*, 713 P.2d at 911.

■ ¶ 12 Our cases involving a defendant's duty of going forward under Crim. P. 41 have generally involved warrantless searches or seizures. *See, e.g., People v. Syrie*, 101 P.3d 219, 222 (Colo.2004), *People v. Jackson*, 39 P.3d 1174, 1180 (Colo.2002); *People v. Heilman*, 52 P.3d 224, 227 (Colo.2002). But we have made no distinction between warrantless and warrant cases in holding that the defendant, as the moving party, bears the burden of going forward to show a violation of his or her Fourth Amendment rights. *Jansen*, 713 P.2d at 911. If the defendant satisfies this burden, it is then upon the prosecution to show that defendant's Fourth Amendment rights were not violated. *Id.* Contrary to the trial court's ruling in this case, the prosecution does not have an initial burden of going forward at a suppression hearing.

■ ¶ 13 Nevertheless, the trial court manages any suppression hearing, whether the search and seizure was warrantless or with a warrant. The order of presentation is within its sound discretion. *See Martinez v. People*, 177 Colo. 272, 277, 493 P.2d 1350,

---

**3.** In its order denying the prosecution's motion for reconsideration, the trial court further explained:

> Searches conducted by warrant are presumed to be constitutional. Once it is established that a challenged search was authorized by a search warrant, the district attorney may rest upon the presumption.... That the court's file contained copies of an affidavit and search warrant does not, ipso facto, establish that the search of which defendant complained was conducted pursuant to that warrant.... It seems to the court that it is the district attorney, who is the ultimate proponent of the physical evidence seized pursuant to the warrant, who bears the burden of going forward at the suppression hearing with the requisite threshold evidence.

1352 (1972) (noting that trial court error concerning the order of proof requires a showing of prejudice). It may determine the most expeditious way to proceed, based on the motion to suppress, record documents, any stipulation of the parties, the agreed upon or contested issues identified by the defense and the prosecution, and the need to take additional evidence not already in the record as long as a party is not unfairly prejudiced. Indeed, when testimony is required, police officers are often the primary or only witnesses called for their knowledge of the facts regarding searches and seizures.

¶ 14 In sum, whether or not the search and seizure was warrantless or with a warrant, the defendant as the moving party seeking to suppress evidence has the initial burden to go forward with a showing that the search and seizure violated the defendant's constitutional rights. *Jansen*, 713 P.2d at 911.

### C. Application to this Case

¶ 15 Cunningham's motion to suppress made only the bare allegation that "[t]he warrant was executed illegally and the scope of the search exceeded the matters set forth in the warrant." The trial court found that probable cause existed for issuance of the warrant. The Return and Inventory of items taken from Cunningham's home match the items specifically described in the warrant.

¶ 16 Cunningham made no showing based upon evidence already in the record or any additional evidence to support his allegation of a violation of his Fourth Amendment rights. It is not within a trial court's discretion to penalize the prosecution for failing to first go forward with evidence proving the absence of a constitutional violation. In this suppression proceeding, the trial court erred in assigning the burden of going forward to the prosecution.

### III.

¶ 17 Accordingly, we reverse the trial court's suppression order and remand this case to the trial court for further proceedings consistent with this opinion.